# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEVEN FISHER**  **PLAINTIFF**
**ADC #176797**

v.  No: 4:22-cv-00944-JM-PSH

**LOUIS C. SKINNER,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Steven Fisher filed a *pro se* civil rights complaint on September 29, 2022, while incarcerated at the Arkansas Division of Correction's Pine Bluff Unit (Doc. No. 2). At the Court's direction, Fisher filed an Amended Complaint to clarify his claims (Doc. No. 4). The Court has reviewed Fisher's Amended Complaint and

finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.  Fisher alleges that the defendants accused him of mailing a letter threatening violence against an unnamed person or persons, but they did not produce the letter or described the threats it contained in a disciplinary hearing.[1]  Doc. No. 4 at 5.  He states that he is not challenging the resulting disciplinary he received,[2] but is suing based on the allegation alone.  *Id.* at 4-5.  Fisher's assertion that the defendants made a false allegation against him is not sufficient to state a § 1983 claim as a matter of law.  *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).  Accordingly, his claim fails as a matter of law and should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, although Fisher states he is not challenging the disciplinary he received, he asks that his disciplinary record be cleared.  Doc. No. 4 at 6.  He also maintains that had he mailed a threatening letter, the prison would not have

---

[1] Fisher claims that mail room staff would have violated prison policy if they mailed out a letter containing threatening information, indicating that he could not have sent such a letter or that it should have been confiscated and produced at his disciplinary hearing.

[2] Fisher states that he previously filed another case based on the same facts:  Case No. 4:22-cv-00386-LPR-ERE.  That case was dismissed for failure to state a claim.  *See* Doc. Nos. 8 & 9.  The Court directed Fisher to amend his complaint to clarify whether he challenges the same disciplinary in this case or a another one, noting that he had not provided any specific information about the disciplinary he challenges such as when he received it, what the charges were, or what punished he received.  *See* Doc. No. 3 in this case.

jurisdiction, but rather, local law enforcement where the victim resides would have jurisdiction. *Id.* at 5. This allegation along with his request to have his disciplinary record cleared indicates he is challenging the disciplinary in this lawsuit. And his claims regarding that disciplinary have already been dismissed for failure to state a claim in Case No. 4:22-cv-00386-LPR-ERE. He may not raise them again here and expect a different result.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Fisher's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 14th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE